ELECTRONICALLY FILED
2022 Sep 22 1:39 PM
CLERK OF COURT - CIRCUIT

IN THE CIRCUIT COURT OF TENNESSEE FOR THE
THIRTEENTH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

JOSEPH ASHE and LINDA ASHE

    Plaintiffs,

v.

KROGER LIMITED PARTNERSHIP I,
THE KROGER CO., and JFE FRANCHISING,
INC., d/b/a SNOW FOX SUSHI,

    Defendants.

Docket No: CT-3890-22

JURY DEMANDED

## COMPLAINT FOR PERSONAL INJURIES

Plaintiffs Joseph Ashe and Linda Ashe file this Complaint for personal injuries against Defendants Kroger Limited Partnership I, The Kroger Co., and JFE Franchising, Inc. For this cause of action, Plaintiffs state as follows:

### PARTIES

1. Plaintiffs Joseph Ashe and Linda Ashe are and were at all times relevant a married couple and adult residents of Collierville, Shelby County, Tennessee.

2. Defendant Kroger Limited Partnership I is a limited partnership organized under the laws of the State of Ohio. Defendant Kroger Limited Partnership I may be served via service of process upon its registered agent Corporation Service Company, 3366 Riverside Drive, Suite 103, Upper Arlington, Ohio 43221.

3. Defendant The Kroger Co. is a corporation organized under the laws of the State of Ohio. Defendant The Kroger Co. may be served via service of process upon its registered agent Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.



4. Defendant JFE Franchising, Inc., doing business as Snow Fox Sushi ("JFE") is a corporation organized under the laws of the State of Texas. Defendant JFE may be served via service of process upon its registered agent Stacy Kwon, 2021 Bingle Road, Houston, TX 77055.

## JURISDICTION & VENUE

5. The acts and omissions giving rise to this lawsuit occurred in Shelby County, Tennessee. This Court has proper jurisdiction and venue over this action and the parties hereto. Plaintiffs timely file this lawsuit pursuant to applicable Tennessee law.

## FACTS

6. The Kroger Co. and/or Kroger Limited Partnership I ("Kroger") operate, manage, and/or own the Kroger grocery store on New Byhalia Road in Collierville, Tennessee (the "Store").

7. From some time in 2020 to September 23, 2021, Mr. Uk Thang worked for JFE, a third-party vendor who operated a Snow Fox Sushi franchise inside the Store.

8. Mr. Thang had been known to aggravate employees of the Store, who complained to their managers about him.

9. Mr. Thang had in turn complained to a family member that, in the height of the coronavirus pandemic, employees of the Store had coughed on him while he was at the sushi stand. His family member observed this happening on one occasion.

10. At around 6:30 a.m. on September 23, 2021, Mr. Thang pulled down his face mask and coughed on an employee of the Store.

11. That employee became angry with him, got in his face, and said that if that happened again, he would "mop the floor" with Mr. Thang. Mr. Thang responded with an obscene gesture.

12. The employee complained to his supervisor about the event, who advised that he would tell the co-manager of the Store when he arrived.

13. When the co-manager arrived, he and the other supervisor "fired" Mr. Thang. Mr. Thang was not technically an employee of the Store, but the two men nonetheless told Mr. Thang he had to leave the Store.

14. Mr. Thang told the two men, "What if I don't leave," to which the co-manager responded, "then Collierville Police will make you leave."

15. Mr. Thang then left the Store.

16. JFE and Kroger had reasonable cause to anticipate that Mr. Thang would present an increased risk to the employees and customers of the Store.

17. Despite already having to threaten to summon law enforcement to deal with Mr. Thang, neither JFE nor Kroger alerted local authorities of the increased risk to its employees and customers created by Mr. Thang's firing.

18. Similarly, neither JFE nor Kroger took any measures to increase security presence at the Store after Mr. Thang was fired.

19. At 1:30 p.m. that afternoon, Mr. Thang returned to the Store with three loaded guns.

20. Mr. Thang parked his vehicle in the fire lane in front of the Store's southwest entrance, entered the Store, and began shooting.

21. At this time, Joseph and Linda Ashe were grocery shopping at the Store. They were in the fresh meat and seafood section when they heard noises that sounded like gunfire. When they saw a Kroger employee running away from the source of the noises, they began to realize what was happening.

22. Mr. and Mrs. Ashe also began to run away from the source of the noises. They ran into an employees-only section of the Store and out into the area behind the Store. They saw an enclosure that contained a dumpster. They hid in that enclosure, along with a few other individuals.

23. For more than a minute, a minute which felt like an eternity, Mr. and Mrs. Ashe and others hid in that enclosure, hearing the increasingly louder sound of gunshots, fearful that the shooter would discover them.

24. Mr. Thang did in fact find them. He followed the same path Mr. and Mrs. Ashe had taken through the employees-only section. He walked out to the enclosure in which Mr. and Mrs. Ashe and others were hiding, and continued shooting.

25. Mr. Thang shot Mr. Ashe in the abdomen and left upper shoulder. Mrs. Ashe was struck by a ricocheted bullet.

26. Mr. Ashe was taken to Methodist University Hospital in Memphis, Tennessee, where he underwent immediate surgery. He stayed in the hospital for twelve days.

27. Mrs. Ashe was treated by her local doctor.

## FIRST CAUSE OF ACTION
### (Negligence Against Defendants The Kroger Co. and Kroger Limited Partnership 1)

28. Plaintiffs repeat and re-allege the foregoing allegations as if set forth fully herein.

29. Plaintiffs were invitees to the Store and were lawfully present on the premises.

30. At all relevant times, the Kroger Defendants knew, or should have known that on that day, Mr. Thang presented an imminently foreseeable risk of danger to its employees and customers.

4

31. At all relevant times, the Kroger Defendants had a duty to provide adequate and reasonable security to provide safe and secure premises for its employees and customers, including Plaintiffs.

32. Given the foreseeability of customers and employees being seriously injured by the intentional criminal acts of Mr. Thang, the Kroger Defendants had a duty to protect their customers and employees from the danger of those intentional criminal acts.

33. The Kroger Defendants, directly and acting through their owners, employees, servants, agents, and/or contractors, breached the duties owed to customers of the Store, including Plaintiffs. These negligent acts and omissions include, but are not limited to, the following:

    a. Failing to provide adequate security measures at the Store;

    b. Failing to recognize and appreciate the significant risk of being victimized by criminal activity that existed for customers of the Store, including the individualized and specific risk that Mr. Thang would commit intentional criminal acts against employees and customers of the Store;

    c. Failing to provide a safe and secure environment for customers of the Store, including Plaintiffs;

    d. Failing to hire security, or other employees, specifically to monitor and/or protect against the risk of Mr. Thang's committing intentional criminal acts on the Store's premises;

    e. Failing to implement a plan that would have deterred Mr. Thang from committing crimes on the Store's premises;

    f. Failing to adequately train its employees, servants, agents, and/or contractors to appropriately monitor the Store's premises for criminal threats;

5

g. Failing to notify local law enforcement of the increased risk that Mr. Thang would commit intentional criminal acts against customers and employees on the Store's premises;

h. Failing to exercise reasonable and ordinary care under the circumstances; and

i. Such other negligent acts and omissions as may be shown at trial.

34. Upon information and belief, Plaintiffs further allege that Defendant Kroger's employees' treatment of Mr. Thang factored into his decision to commit these horrible acts.

35. But for this Defendant's negligent acts and omissions as described herein, Plaintiffs would not have been shot.

36. As a result of this Defendant's negligent acts and omissions, Plaintiffs suffered injuries as set forth more fully herein.

## SECOND CAUSE OF ACTION
### (Negligence Against Defendant JFE)

37. Plaintiffs repeat and re-allege the foregoing allegations as if set forth fully herein.

38. At all relevant times, Defendant JFE employed Mr. Thang.

39. Defendant JFE had actual and/or imputed knowledge that Mr. Thang presented a danger to the employees and customers of the Store, particularly after the early morning incident on the day in question.

40. At all relevant times, Defendant JFE had a duty to warn against reasonably foreseeable risks and to see that adequate and reasonable security existed to protect the Store's employees and customers, including Plaintiffs.

41. After learning of the circumstances surrounding Mr. Thang's dismissal, Defendant JFE did not notify law enforcement or otherwise take steps to prevent or otherwise warn the employees and customers of the Store of the risks presented by Mr. Thang.

6

42. Defendant JFE, directly and acting through its owners, employees, servants, agents, and/or contractors, thereby breached the legal duties it owed to customers of the Store, including Plaintiffs.

43. But for Defendant JFE's negligence, Plaintiffs would not have been shot.

## DAMAGES

44. Plaintiff Joseph Ashe suffered serious and permanent injuries, including serious injuries to his abdomen and shoulder. The injuries and damages for which Plaintiff Joseph Ashe seeks compensation from Defendants includes, but are not limited to, the following:

   a. Physical pain and suffering;
   b. Emotional pain and suffering;
   c. Medical bills and expenses;
   d. Loss of enjoyment of life;
   e. post-judgment interest; and
   f. any and all other damages or losses properly recoverable under Tennessee law.

45. Plaintiff Linda Ashe suffered injuries from this event. The injuries and damages for which Plaintiff Linda Ashe seeks compensation from Defendants includes, but are not limited to, the following:

   a. Physical pain and suffering;
   b. Emotional pain and suffering;
   c. Medical bills and expenses;
   d. Loss of enjoyment of life;
   e. post-judgment interest; and
   f. any and all other damages or losses properly recoverable under Tennessee law.

46. The challenges presented by their injuries have limited each of their respective abilities to care for each other and attend to each other's needs, and accordingly seek damages for loss of consortium.

47. Plaintiffs specifically reserve the right to plead further in this cause as additional facts and circumstances may warrant.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Joseph Ashe and Linda Ashe pray that:

a. Defendants be served with process and a copy of this Complaint;

b. A jury try this cause;

c. Plaintiffs be awarded compensatory damages in an amount to be determined by a jury;

d. Plaintiffs be awarded prejudgment and post-judgment interest;

e. Plaintiffs be awarded any and all other relief to which they might be entitled, legal and equitable; and

f. That costs be assessed against the Defendant.

PLAINTIFFS DEMAND A TRIAL BY JURY.

Respectfully submitted,

Taylor A. Cates (#20006)
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, Tennessee 38103
Phone: (901) 524-5000
Fax: (901) 524-5024
Email: tacates@bpjlaw.com

8

Mark McDaniel, Jr. (#036288)
243 Exchange Avenue
Memphis, Tennessee 38105
Phone: (901) 527-6518
Email: markjr@themcdaniellawfirm.com

Attorney for Plaintiffs

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2022 Sep 02 10:55 AM
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

☒ Lawsuit
☐ Divorce

Docket No. CT-3890-22  Div. 6

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| JOSEPH ASHE and LINDA ASHE | VS | KROGER LIMITED PARTNERSHIP I, THE KROGER CO., and JFE FRANCHISING, INC., d/b/a SNOW FOX SUSHI, |

TO: (Name and Address of Defendant (One defendant per summons))

JFE Franchising, Inc., d/b/a Snow Fox Sushi
by serving Registered Agent Stacy Kwon
2021 Bingle Road
Houston, TX 77055

Method of Service:
☒ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☐ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Taylor A. Cates** Plaintiff's attorney, whose address is Burch, Porter & Johnson, PLLC, 130 N. Court Avenue, Memphis, TN 38103 telephone 901-524-5000 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____  By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

**EXHIBIT B**

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:
via certified mail

By delivering on the __26th__ day of __September__, 20__22__ at __1:43 p.m.__ M. a copy of the summons and a copy of the Complaint to the following Defendant __JFE Franchising, Inc. d/b/a Snow Fox Sushi__

at __c/o Registered Agent Stacy Kwon, 2021 Bingle Road, Houston, TX 77055__

__illegible__
Signature of person accepting service

By: __/s/ Taylor A. Cates__
Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** JOSEPH ASHE VS KROGER LIMITED PARTNERSHIP I

**Case Number:** CT-3890-22

**Type:** SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 09/22/2022 02:51:13 PM

**U.S. Postal Service® CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

USPS® ARTICLE NUMBER: 9314 7699 0430 0099 8321 52

| | |
|---|---|
| Certified Mail Fee | $ 4.00 |
| Return Receipt (Hardcopy) | $ 3.25 |
| Return Receipt (Electronic) | $ 0.00 |
| Certified Mail Restricted Delivery | $ 0.00 |
| Postage | $ 2.40 |
| Total Postage and Fees | $ 9.65 |

Postmark Here — SEP 22 20[..]

Sent To:
JFE Franchising, Inc. d/b/a Snow Fox Sushi
c/o Registered Agent Stacy Kwon
2021 Bingle Road
Houston, TX 77055

Reference Information

TAC

PS Form 3800, Facsimile, July 2015

---

**Return Receipt (Form 3811) Barcode**

9590 9699 0430 0099 8321 54

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

JFE Franchising, Inc. d/b/a Snow Fox Sushi
c/o Registered Agent Stacy Kwon
2021 Bingle Road
Houston, TX 77055

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information

2. Certified Mail (Form 3800) Article Number
9314 7699 0430 0099 8321 52

TAC

PS Form 3811, Facsimile, July 2015     Domestic Return Receipt

# IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JOSEPH ASHE and
LINDA ASHE

    Plaintiffs,

VS.                                                                         Docket No. CT-3890-22
                                                                       Div. VI

KROGER LIMITED PARTNERSHIP I,
THE KROGER CO., and JFE FRANCHISING, INC.
d/b/a SNOW FOX SUSHI

    Defendants.

## DEFENDANT JFE FRANCHISING, INC. D/B/A SNOW FOX SUSHI'S NOTICE OF FILING NOTICE OF REMOVAL

COMES NOW Defendant JFE Franchising, Inc. d/b/a Snow Fox Sushi ("JFE") and hereby gives notice that pursuant to 28 U.S.C. § 1446 it has on October 25, 2022 filed with the Clerk of the United States District Court for the Western District of Tennessee, Western Division, a Notice of Removal of this action from the Circuit Court of Shelby County, Tennessee, Case No. CT-3890-22; Div. VI, to the United States District Court for the Western District of Tennessee, Western Division. A copy of said Notice of Removal is attached hereto as Exhibit A.

Please take further notice that, pursuant to 28 U.S.C. § 1446(d), this Honorable Court "shall proceed no further unless and until the case is remanded."


EXHIBIT C

Respectfully Submitted,

ALLEN, SUMMERS,
& GRESHAM, PLLC

*Kirk Caraway*
KIRK A. CARAWAY    (#18578)
*Attorneys for Defendant, JFE Franchising, Inc.*
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
(901) 763-4200

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 25th day of October, 2022, a copy of the foregoing was forwarded, via U.S. Mail, postage prepaid to:

Taylor A. Cates
130 North Court Avenue
Memphis, Tennessee 38103

Mark McDaniel, Jr.
243 Exchange Avenue
Memphis, Tennessee 38105

*Attorneys for Plaintiff*

The Kroger Co.
c/o Corporation Service Company
2908 Poston Avenue
Nashville, Tennessee 37203

Kroger Limited Patnership I
c/o Corporation Service Company
2908 Poston Avenue
Nashville, Tennessee 37203

Bruce A. McMullen
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
*Attorney for Defendants Kroger Limited Partnership and The Kroger Co.*

*Kirk Caraway*
Kirk A. Caraway

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2022 Sep 27 11:39 AM
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

☑ Lawsuit
☐ Divorce

Docket No. CT-3890-22  Div. 6

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| JOSEPH ASHE and LINDA ASHE | VS | KROGER LIMITED PARTNERSHIP I, THE KROGER CO., and JFE FRANCHISING, INC., d/b/a SNOW FOX SUSHI, |

TO: (Name and Address of Defendant (One defendant per summons))

Kroger Limited Partnership I
by serving Registered Agent Corporation Service Company
3366 Riverside Drive, Suite 103
Upper Arlington, Ohio 43221

Method of Service:
● Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Taylor A. Cates**   Plaintiff's attorney, whose address is Burch, Porter & Johnson, PLLC, 130 N. Court Avenue, Memphis, TN 38103 telephone 901-524-5000   within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20___

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master   By _____, D.C.


EXHIBIT D

| RETURN OF SERVICE OF SUMMONS |
|---|

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:
via certified mail

By delivering on the __27th__ day of __September__, 20 __22__ at __4:58 EDT__ A.M. a copy of the summons and a copy of the Complaint to the following Defendant __Kroger Limited Partnership I c/o Registered Agent Corporation Service__

at __3366 Riverside Drive, Suite 104, Upper Arlington, OH  43221__

Amy E. Kuhlman, Agent
_____
Signature of person accepting service

/s/ Taylor A. Cates
By: _____
Sheriff or other authorized person to serve process

| RETURN OF NON-SERVICE OF SUMMONS |
|---|

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20 _____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** JOSEPH ASHE VS KROGER LIMITED PARTNERSHIP I

**Case Number:** CT-3890-22

**Type:** SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 09/22/2022 02:51:13 PM

## U.S. Postal Service® CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

**USPS® ARTICLE NUMBER**
9314 7699 0430 0099 8183 78

| | |
|---|---|
| Certified Mail Fee | $ 4.00 |
| Return Receipt (Hardcopy) | $ 3.25 |
| Return Receipt (Electronic) | $ 0.00 |
| Certified Mail Restricted Delivery | $ 0.00 |
| Postage | $ 2.40 |
| Total Postage and Fees | $ 9.65 |

Postmark Here — SEP 2 2022 MEMPHIS

Sent to:
Kroger Limited Partnership I
c/o Registered Agent Corporation Service
3366 Riverside Drive
Suite 103
Upper Arlington, OH 43221

Reference Information

TAC

PS Form 3800, Facsimile, July 2015

---

**Return Receipt (Form 3811) Barcode**

9590 9699 0430 0099 8183 70

1. Article Addressed to:
Kroger Limited Partnership I
c/o Registered Agent Corporation Service
3366 Riverside Drive
Suite 103
Upper Arlington, OH 43221

2. Certified Mail (Form 3800) Article Number
9314 7699 0430 0099 8183 78

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  RECEIVED
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Amy E. Kuhlman

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information

TAC

PS Form 3811, Facsimile, July 2015   Domestic Return Receipt